129 So.2d 247 (1961)
EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd.,
v.
SOUTHERN PRODUCE CO., Inc.
No. 92.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 1961.
Rehearing Denied May 15, 1961.
Certiorari Denied June 22, 1961.
Cronvich & Ciaccio, Maurice E. Landrieu, Jr., Alwynn J. Cronvich, New Orleans, for defendant and appellant.
Faris, Leake & Emmett, Robert E. Leake, Jr., New Orleans, for plaintiff and appellee.
Before REGAN and SAMUEL, JJ., and LUTHER E. HALL, J. pro tem.
REGAN, Judge.
Plaintiff, The Employers' Liability Assurance Corporation, Ltd., instituted this *248 suit against the defendant, Southern Produce Company, endeavoring to recover the sum of $3000, representing the amount it paid under a fidelity bond to reimburse defendant for a loss through embezzlement by its bookkeeper, Donald Riviere, in July 1957. Plaintiff asserted the insurance contract had terminated in 1954 when defendant then learned Riviere had embezzled company funds and failed to inform plaintiff, who learned of the first theft only after paying the 1957 claim. The provision relied upon by plaintiff stipulates cancellation of coverage upon the employer's discovery of a dishonest act by the employee that may be made the basis of a claim against the bond.
Defendant answered and asserted that the bond was in effect in 1957, despite its failure to report the prior embezzlement, on the theory that the bond issued for the term within which the claim was made was a distinct suretyship contract, not subject to events or conditions of the bonds issued for previous years. In the alternative, defendant argued that it had no claim in 1954 because the employee then had made full restitution.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The facts are undisputed. On October 21, 1951, plaintiff issued a fidelity bond to the defendant to insure it against any loss, not to exceed $3000, incurred through the dishonesty of its bookkeeper, Riviere. The bond, effective for a one year period, was renewed annually by the insurer's issuance of a continuation certificate in conformity with the following provision therein:
"The Suretyship hereunder may be continued in force from time to time by a continuation certificate executed by the Surety."
Upon receipt of the continuation certificate, defendant paid the premium for the renewal.
There was also incorporated in the contract a cancellation clause, which reads as follows:
"This bond shall terminate (a) as to any Employe upon leaving for any reason the service of the Employer or upon discovery by the Employer of any act which may be made the basis of any claim hereunder, * * *."
In July 1954, Riviere's wife and clergyman informed Angelo Spinato, defendant's general manager, that Riviere had embezzled $3000. At the request of the priest, Spinato permitted the errant bookkeeper to restore the deficit and continue in defendant's employ.
On June 10, 1957, Spinato learned that Riviere had embezzled $28,000 and thereafter he filed a "proof of loss" with plaintiff to recover the sum of $3000, which was the maximum coverage afforded by the bond, and included therein was a statement to the effect that he "first" possessed knowledge of Riviere's dishonesty on or about June 10, 1957.
On July 18, 1957, plaintiff paid the claim and thereafter learned of Riviere's previous embezzlement and Spinato's awareness thereof; hence, this litigation.
Counsel for plaintiff insists that Riviere was not covered by the bond after Spinato discovered the 1954 theft by virtue of the cancellation provision which became effective when the employer discovered "any act which may be made the basis of any claim hereunder."
Defendant argues that Spinato's omission only cancelled the suretyship contract in effect from October 1953 to October 1954. When the insurer issued a certificate of continuation in October 1954, counsel reasons, this in effect novated the original bond only for an additional year and each renewal constituted a separate contract. Therefore, the 1954 concealment had no effect on the validity of the bond issued for the period beginning October 1956 and *249 ending October 1957, the period of time within which defendant filed its proof of loss.
We find no merit in defendant's argument. It is obvious that the parties intended to create one bond, subject to annual renewal, from the clear provision that: "The Suretyship hereunder may be continued in force from time to time by a continuation certificate executed by the Surety." We therefore conclude there was only one bond[1] which was cancelled immediately upon defendant's discovery of Riviere's dishonesty in 1954.[2]
However, were we to assume arguendo that each continuation certificate novated the bond, the contract is still subject to cancellation because defendant concealed a material fact from plaintiff in procuring coverage. The primary consideration of an insurer in issuing a fidelity bond is the reputation for honesty of the employee so bonded; therefore, such concealment constitutes fraud which is a sufficient basis to vitiate the contract.[3]
The alternative defense, to the effect that Riviere's dishonesty in 1954 could not be made the basis of a claim on the bond because the company was reimbursed, is likewise without merit. The cancellation provision applies to dishonesty which may be made the basis of a claim and is not limited to acts which are made the basis of a claim.
Finally defendant urges that the bond was still in effect in 1957 because the insurer failed to cancel the contract in conformity with the provisions of LSA-R.S. 22:636. This section provides in part that an insurer must give written notice of cancellation and refund premiums for the unexpired term. We conclude that it would be unreasonable to impose a duty to give written notice of cancellation in this instance, since the bond had already been ineffective when plaintiff learned it had paid a claim on a bond that had been cancelled through defendant's omission. Since defendant has not requested a refund of premiums, the question of their refund is not posed for our consideration.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] 7 A.L.R.2d 946.
[2] J. S. Fraering, Inc. v. Employers Mutual Liability Insurance Company of Wisconsin, 5 Cir., 1957, 242 F.2d 609.
[3] LSA-C.C. Art. 1832"In all cases, however, when the information, which would have destroyed the error, has been withheld by the other party to the contract, it comes under the head of fraud, and invalidates the contract."